IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH GILBERT, et al.,** | : | **No. 1:08-CV-1460** |
| Plaintiffs | : | **JUDGE SYLVIA H. RAMBO** |
| v. | : | |
| **SYNAGRO CENTRAL, LLC, et al.,** | : | |
| Defendants | : | |

# M E M O R A N D U M

Before the court is Plaintiffs' motion to remand to state court. This case arises out of the disposal of treated sewage sludge on hundreds of acres of land abutting, adjoining, or otherwise nearby Plaintiffs' property. Plaintiffs' complaint alleges exclusively state common-law tort claims of negligence, private nuisance, and trespass against Defendants. Plaintiffs seek remand to state court as well as costs and expenses incurred as a result of removal pursuant to 28 U.S.C. § 1447(c). For the reasons that follow, Plaintiffs' motion to remand will be granted. The court will retain jurisdiction to award fees and costs for expenses of removing the action to federal court, and Plaintiffs, following remand to state court, may submit to this court an application for fees and costs. *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1257–58 (3d Cir. 1996).

## I.  Background

Plaintiffs filed this lawsuit exclusively alleging state common-law tort claims of negligence, private nuisance, and trespass on July 3, 2008, in the Court of Common Pleas of York County, Pennsylvania, seeking compensatory and punitive damages. (Doc. 18 ex. 1.) Plaintiffs reside or own property in York County,

Pennsylvania. (*Id.* ex. 1 ¶ 1–36.) Plaintiffs' complaint alleges that Defendants—real property owners, farm operators and lessors, sludge haulers, sludge spreaders, and sludge appliers—began stockpiling and spreading sewage sludge on roughly 220 acres of land owned by Defendant George Phillips in the town of New Freedom, York County, Pennsylvania. (*Id.* ex. 1 ¶ 75.) Almost immediately thereafter, "Plaintiffs noticed offensive odors, typically smelling like a herd of dead, rotting deer, and suffered from running nose, burning eyes, burning throat, respiratory distress, irritated skin, and rashes," which progressively worsened. (*Id.* ex. 1 ¶ 84.)

Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 on August 5, 2008, stating that "[r]emoval from state to federal court is necessary based on complete federal preemption and a substantial federal question." (Doc. 1.) On September 3, 2008, Defendants filed a motion to dismiss Plaintiffs' complaint and Plaintiffs filed a motion to remand to state court and supporting brief. (Docs. 12, 17.) Defendants filed a brief in opposition to Plaintiffs' motion to remand on September 22, 2008 and Plaintiffs filed a reply brief on September 30. (Docs. 23, 24.) The court stayed briefing of Defendants' motion to dismiss pending resolution of Plaintiffs' motion to remand. (Doc. 21.) Accordingly, Plaintiffs' motion is ripe for disposition.

## II.     **Legal Standard**

Section 1441 allows a defendant to remove from state court to federal district court any civil action over which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a). The Code, however, also mandates that

"[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" the court must remand the case to state court. 28 U.S.C. § 1447(c). Courts strictly construe removal statutes against removal and resolve all doubts in favor of remand. *Boyer v, Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *Wilbur v. H & R Block, Inc.*, 170 F. Supp. 2d 480, 481 (M.D. Pa. 2000) ("[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."). This presumption has practical significance because "lack of subject matter jurisdiction voids any decree entered in a federal court" thereby making "continuation of litigation in a federal court without jurisdiction . . . futile." *Steel Valley Auth.*, 809 F.2d at 1010. "As the party asserting jurisdiction, [the defendant] bears the burden of showing that the case is properly before the court at all stages of the litigation." *Pierson v. Source Perrier, S.A.*, 848 F. Supp. 1186, 1188 (E.D. Pa. 1994) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1044–45 (3d Cir. 1993)); *see also Duke v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995).

**III.**     **Discussion**

Plaintiffs' complaint alleges only state law claims. Nonetheless, Defendants removed Plaintiffs' action, claiming that the court had "federal question" jurisdiction because "Plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law—whether Defendants violated the standard of care by applying biosolids in violation of 40 C.F.R. Part 503 [of the Clean Water Act]." Defendants also suggest that Plaintiffs' claims are completely

preempted by federal law. (Doc. 1, at 3.) The court has carefully reviewed Defendants' Notice of Removal and brief in opposition to Plaintiffs' Motion to Remand and finds that both arguments lack merit.

### A. Federal Question Jurisdiction

The court has original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Under the "well-pleaded complaint" rule, the court must determine whether a case arises under the Constitution or a law of the United States by looking at "what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 10 (1983) (citing *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)). The Supreme Court has noted, "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to a federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." *Id.* As a practical result, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). Thus, as the Supreme Court has consistently held since 1888, "a federal court does not have original jurisdiction over a case in which the complaint presents a state-law cause of action but also asserts that federal law deprives the defendant of a defense he may raise, or that a federal defense the defendant may raise is not sufficient to defeat the claim." *Franchise Tax Bd.*, 463 U.S. at 10 (citing *Taylor*, 234 U.S. at 75–76; *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908)); *see also Metcalf v. City of Watertown*, 128 U.S. 586 (1888). Ultimately, a "plaintiff is the master of the

complaint" and "by eschewing claims based on federal law [may] choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987).

### 1. Substantial Federal Question

Plaintiffs' complaint alleges negligence, private nuisance, and trespass. Under Pennsylvania state law "[t]o establish a cause of action in negligence, the plaintiff must demonstrate that the defendant [1] owed a duty of care, [2] the defendant breached that duty, [3] the breach resulted in injury to the plaintiff, and [4] the plaintiff suffered an actual loss or damage." *Martin v. Evans*, 711 A.2d 458, 461 (Pa. 1998). Pennsylvania has adopted the Restatement Second approach to nuisance, which states that "an actor is liable in an action for damages for a non-trespassory invasion of another's interest in the private use and enjoyment of land if, (a) the other has property rights and privileges in respect to the use or enjoyment interfered with; and (b) the invasion is substantial; and (c) the actor's conduct is a legal cause of the invasion; and (d) the invasion is either (i) intentional and unreasonable; or (ii) unintentional and otherwise actionable under the rules governing liability for negligent, reckless or ultrahazardous conduct." *Waschak v. Moffat*, 109 A.2d 310, 314 (Pa. 1954). The common-law tort of trespass quare clausum fregit arises from the intentional entry upon the land of another without privilege. *See Kopka v. Bell Telephone Co. of Pa.*, 91 A.2d 232 (Pa. 1952).

Defendants' suggestion that Plaintiffs' right to relief "necessarily depends on resolution of a substantial question of federal law" is unreasonable and borders on being frivolous. Defendants' brief in opposition—which violates Local Rule 7.8(b)(1) in no small part thanks to the five pages of public relations

propaganda presented as a background to its brief on the narrow issue of federal jurisdiction—argues, quite disingenuously, that Plaintiffs' complaint "directly challenge[s] the adequacy of EPA regulations" and thereby "necessarily require[s] this court to resolve a substantive [sic] federal issue." (Doc. 23, at 11.) A potential federal defense is not a necessary element of a common-law tort claim. Calling something by a different name does not mean that it no longer stinks. Proof of these common-law tort claims does not necessarily involve elements of federal law as an essential component. Defendants merely suggest that they might raise compliance with federal regulations as a defense, but this possible defense does not give rise to federal question jurisdiction, *Franchise Tax Bd.*, 463 U.S. at 10, and reeks of insincerity given the Clean Water Act's "saving clause" already pointed out to these Defendants in substantially similar litigation in the Eastern District of Virginia. *See Wyatt v. Susses Surry, LLC*, 482 F. Supp. 2d 740, 745 (E.D. Va. 2007) ("Even if Defendants were able to prove compliance with all state and federal regulations, Plaintiffs could still set forth valid claims upon which relief could be granted because the federal Clean Water Act contains a 'savings clause,' which has been construed by the Supreme Court to permit rather than preclude state common-law claims." (citing *Int'l Paper Co. v. Ouelette*, 749 U.S. 481 (1987)).

### 2. **Complete Preemption Doctrine**

Since 1887, it has been "settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption." *Caterpillar Inc.*, 482 U.S. at 393 (emphasis in original). The complete preemption doctrine, however, provides an exception where "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one


stating a federal claim for purposes of the well-pleaded complaint rule.' " *Id.* (citing *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987).

Defendants argue that the Clean Water Act completely preempts Plaintiffs' common-law tort claims, giving this court jurisdiction over Plaintiffs' action. In support of this contention, Defendants present an implausible interpretation of the Supreme Court's holding in *International Paper Company v. Ouelette*. The interpretation does not pass the smell test. *See, e.g.*, *Wyatt*, 482 F. Supp. 2d at 745–46. In fact, in *International Paper*, all nine justices, in three separate opinions, explicitly found that the Clean Water Act does not completely preempt a plaintiff's state common-law tort claims. *See International Paper Co.*, 479 U.S. at 500 (""Nothing in the Act prevents a court sitting in an affected State from hearing a common-law nuisance suit . . . ."); *Id.* (Brennan, J. concurring in part and dissenting in part) ("I concur wholeheartedly in the Court's judgment that the Clean Water Act (ACT), 33 U.S.C. § 1251, *et seq.*, does not preempt a private nuisance suit . . . ."); *Id.* at 508–09 (Stevens, J. concurring in part and dissenting in part) ("In affirming the denial of International Paper Company's motion to dismiss, the Court concludes that nothing in the Clean Water Act . . . deprives a Federal District Court of diversity jurisdiction it would otherwise have to entertain a common-law nuisance suit brought against a point source located in another State and based on an injury allegedly suffered in the forum State. I agree with that holding and find it sufficient to decide this case."). Accordingly, the court does not have jurisdiction.

**IV.**     **Costs and Fees**

The court will refrain from ruling on the issue of costs and fees until the parties have fully briefed the issue.

**V.**     **Conclusion**

For the reasons state above, Plaintiffs' Motion to Remand to State Court will be granted.  An appropriate order will follow.

<div style="text-align:right">

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

</div>

Dated:  October 21, 2008.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RALPH GILBERT, et al.,** : | **No. 1:08-CV-1460** |
| **Plaintiffs** : | |
| : | **JUDGE SYLVIA H. RAMBO** |
| v. : | |
| **SYNAGRO CENTRAL, LLC,** : | |
| **et al.,** : | |
| **Defendants** : | |

## **O R D E R**

In accordance with the foregoing discussion, **IT IS HEREBY ORDERED THAT**:

1) Plaintiffs' Motion to Remand to the Court of Common Pleas of York County is **GRANTED**.

2) The court retains jurisdiction to award fees and costs for expenses of removal of action to federal court. Plaintiffs shall file an application for costs and expenses and supporting documents pursuant to 28 U.S.C. § 1447(c) no later than October 27, 2008.

3) The Clerk of Court shall return the file along with a certified copy of this order to the Court of Common Pleas of York County.

                                                   s/Sylvia H. Rambo
                                                   SYLVIA H. RAMBO
                                                   United States District Judge

Dated: October 21, 2008.