IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| **RALPH GILBERT,** *et al.*, <br>           **Plaintiffs** <br><br> v. <br><br> **SYNAGRO, LLC;** *individually and formerly doing business as Synagro Central, Inc. and Synagro Mid-Atlantic Inc.*; **SYNAGRO MID-ATLANTIC, INC.,** *individually and formerly doing business as Synagro Central, Inc.*; **GEORGE PHILLIPS,** *d/b/a Hilltop Farms*; **HILLTOP FARMS;** and **STEVE TROYER,** <br>           **Defendants** | **CIVIL NO. 1:CV-08-1460** |

## **MEMORANDUM AND ORDER**

### **I. Background**

Before the court are petitions for an award of fees and costs for expenses related to the removal of the captioned consolidated action to federal court. This case arises out of the disposal of treated sewage sludge on lands abutting or near Plaintiffs' properties. Plaintiffs' complaints allege exclusively state common-law tort claims of negligence, private nuisance and trespass. Defendants removed the case from York County Court of Common Pleas to the United States District Court for the Middle District of Pennsylvania. Plaintiffs filed a motion to remand which was granted. Plaintiffs now seek an award of fees and costs associated with the removal and remand proceedings.

Defendants claim that they are not liable for fees and costs related to the removal and remand proceedings because they had a reasonable basis for such

removal. Defendants cite to *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), for the proposition that "absent unusual circumstances attorney's fees should not be awarded when the moving party has an objectively reasonable basis for removal." *Id.* at 136. Defendants further claim that the removal was reasonable because this case presented a substantial federal question as well as complete preemption doctrine. This court, in granting the remand, addressed these arguments in its memorandum of October 21, 2008 (doc. 25) and will not address them again. This court also noted that Defendants' arguments were rejected by the Supreme Court in *International Paper Co. v. Ouelette*, 749 U.S. 481 (1987). Defendants' arguments were also rejected in *Wyatt v. Sussex Surry*, 482 F. Supp.2nd 740 (E.D. Va. 2007) and other courts. (*See* Plaintiffs' Reply Brief at fns. 1, 2 & 3.) Defendants, being aware that their interpretation of *International Paper Co.* has been rejected, present no reasonable basis for the removal of this case.

## II. Discussion

### A. Billing Rates

A reasonable hourly rate is calculated according to the prevailing market rates in the community. *Washington v. Philadelphia County Ct. of C.P.*, 89 F.3d 1031, 1035 (3d Cir. 1996). This court recognizes that there are exceptions to this standard such as the need for expertise and the local legal community is unable to provide a qualified attorney. *See Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 179 (4th Cir. 1994). This case involved common law tort issues in spite of Defendants' label on the case.

Based on the undersigned experience in adjudicating fee petitions, as well as being aware of attorney Rubendall's experience and knowledge of attorney rates in the Harrisburg area, the following rates will be allowed:

| | |
|---|---|
| George Kotsatos | $255.00 |
| Christopher Nidel | $225.00 |
| George Weber | $300.00 |

### B. Hours Expended

"A fee petition is required to be specific enough to allow the district court 'to determine if the hours claimed are unreasonable for the work performed.'" *Rode v. Dellarciprete*, 892 F.2d 1117, 1190 (3d Cir. 1990), citing *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir. 1983).

In *Rode*, the court found that entries on the time provided the general nature of the activity and the subject matter of the activity, the date the activity took place and the amount of time worked on the activity. 892 F.2d at 1191. The description of the work in some instances in the petition before this court is too general. For instance, on Christopher Nidel's affidavit, there are entries of legal research – 14.4 hours, additional legal research – 6 hours, research and prepare exhibits to briefs – 3.5 hours. The court has no way of determining which issue is being researched. This is extremely important because, as Defendants point out, much of the brief in support of the motion to remand was derived from a similar brief filed in *Wyatt v. Sussex-Surry*, 482 F. Supp.2nd at 740.

There was also a motion filed by Plaintiffs to stay the briefing on the motion to dismiss. This court cannot determine how much of attorney Nidel's research accounted for this work.

Attorneys Kotsatos and Weber have between them three hours on the motion to stay. Attorney Nidel attributes four hours to discuss and draft the motion to stay. The court does not know whether attorney Nidel or attorney Kotsatos drafted the motion to stay or whether it was done jointly. In any event, seven hours spent on a motion to stay that contained seven enumerated paragraphs (most of them

one sentence in length), contained no legal citations and was not accompanied by a brief is *excessive*. The claim for this motion amounts to one hour per each enumerated paragraph and will not be approved.

### C. Fee and Cost Awards

In light of the above, the following hours, rates and costs will be granted.

**Attorney Kotsatos**

*Motion to Remand*
  Hours claimed   9.75
  Hours allowed   4.875 x $255 per hour =   $ 1,243.13
*Filing of Motion to Remand*
  Hours allowed 4.0 x $255 per hour =   $ 1,020.00
*Motion to Stay*
  Hours claimed   2.5
  Hours allowed   1.0 x $255 per hour =   $   255.00
*Motion for Award of Fees and Costs*
  Hours allowed   1.0 x $255 per hour =   $   255.00
*Costs Awarded*                          $   169.75

**Attorney Weber**

*Motion to Remand*
  Hours allowed   2.5 x $300 per hour   $   750.00
*Motion to Stay*
  No hours awarded

**Total Award for Attorneys Kotsatos and Weber**        **$ 2,942.88**

**Attorney Nidel**

*Miscellaneous hours and fees disallowed:*
  Legal research hours      14.4
  Additional research hours  6.0
*Draft of Motion and Brief to Remand*
 *Discuss and edit brief*
 *Brief - remand response*
  Total hours claimed   72.8
  Total hours allowed   36.4 x $225 per hour  $ 8,190.00
*Balance of hours at*
 *adjusted fee*           3.5 x $225 per hour  $   787.50

**Total Award for Attorney Nidel**                      **$ 8,977.50**

### III. **Order**

In accordance with the discussion above, **IT IS HEREBY ORDERED THAT**:

1) Attorneys Kotsatos and Weber are awarded fees and costs in the sum of $2,942.88.

2) Attorney Nidel is awarded fees and costs in the sum of $8,977.50.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  December 8, 2008.